United States District Court
Southern District of Texas

**ENTERED**

April 16, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGEL ALFREDO VITELA-HERNANDEZ, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-26-0139 |
| KRISTI NOEM, et al., | § § | |
| Respondents. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Angel Alfredo Vitela-Hernandez ("Petitioner"), a citizen of Mexico, entered the United States in 1995.[1]  In September of 2025, Petitioner was taken into immigration custody by Immigration and Customs Enforcement under § 1225(b)(2).[2]  Petitioner remains in immigration custody.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act and due process, and is capricious under the Administrative Procedure Act.[3]

---

[1]Verified Petition for Writ of Habeas Corpus Complaint for Declaratory and Injunctive Relief for an Order to Show Cause, ("Habeas Petition"), Docket Entry No. 1, p. 18 ¶ 49.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]<u>Id.</u> at 19 ¶ 50.

[3]<u>Id.</u> at 26-29; Petitioner's Reply to Respondent's Opposition to Habeas Corpus Relief, Docket Entry No. 15, pp. 6-8.

Also pending before the court is Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ") (Docket Entry No. 12).  Respondents argue that Petitioner can legally be detained under § 1225(b)(2) because he is an applicant for admission.[4]  Petitioner has filed a reply.[5]

As the Fifth Circuit explained in  Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest.  Id. at 498, 508.  The Fifth Circuit's analysis and holding applies in this case.

Petitioner's detention without a bond hearing does not violate substantive or procedural due process.  As explained in García De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)).  Moreover, as explained in Jacobo-Ventura, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain

---

[4]Respondents' MSJ, Docket Entry No. 12, p. 1.

[5]Petitioner's Reply to Respondents' Response to Petition for Writ of Habeas Corpus, Docket Entry No. 15.

-2-

proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Finally, as explained in <u>Jiminez v. Bradford</u>, Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026), because Petitioner is able to challenge his detention by filing a writ of habeas corpus, he is not entitled to relief under the APA.  <u>See</u> 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action <u>for which</u> <u>there is no other adequate remedy in a court</u> are subject to judicial review.") (emphasis added).

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED**, and Petitioner's Verified Petition for Writ of Habeas Corpus Complaint for Declaratory and Injunctive Relief for an Order to Show Cause (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 16th day of April, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-3-